UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY ANDRE SMITH,

    Plaintiff,

    v.

R. MACHUCA, JR., et al.,

    Defendants.

Case No. 16-01269 BLF (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a California state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at the Salinas Valley State Prison ("SVSP").[1]  Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.**    **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter is derived from a suit before the Honorable Judge Saundra B. Armstrong, who severed the action with respect to misjoined Defendants and ordered the matter opened as a new action on March 15, 2016.  *See* Case No. 13-01052 SBA (PR); (Docket No. 3 at 5-7, 12).  Plaintiff's first amended complaint from that action is the operable complaint in this matter.

1    prisoner seeks redress from a governmental entity or officer or employee of a

2    governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

3    cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

4    upon which relief may be granted or seek monetary relief from a defendant who is immune

5    from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally

6    construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

7         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

8    elements: (1) that a right secured by the Constitution or laws of the United States was

9    violated, and (2) that the alleged violation was committed by a person acting under the

10   color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

11   **B.**  .   **Plaintiff's Claims**

12        Consistent with the court orders issued in the original action, *see supra* at fn. 1, the

13   Court finds the amended complaint, liberally construed, states the following cognizable

14   claims, (*see* Docket No. 3 at 4-5):

15        (1)   Defendants Spaulding, Vinson, Montana, Mejai, Gudino, Reyes, Cega,

16   Rodriguez, Diaz, Sanudo, A. Machuca, Castillo, Powell, Franco, Dornan, Miramontes,

17   Bailey and Ornealas served him tainted meals from July to September 2011 in retaliation

18   for providing information regarding an incident involving another inmate;

19        (2)   Defendant Mack provided inadequate medical care in August and September

20   2011 in response to Plaintiff's complaints of food poisoning;

21        (3)   Defendant Roennmann interfered with Plaintiff's medical care on August 30,

22   2011; and

23        (4)   Defendant Collier was deliberately indifferent and retaliated against him by

24   denying him his meals in 2012 and 2013.

25        All other claims are DISMISSED from this action for the reasons stated in Judge

26   Armstrong's Order of Service, filed on August 30, 2013. (*See* Docket No. 1.)

27   ///

28

United States District Court
Northern District of California

United States District Court
Northern District of California

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, all attachments thereto, and a copy of this order upon **Defendants Dr. Richard Mack; Correctional Officers G. Bailey, H. Castillo, J. Ceja, J. Collier, R. Diaz, D. Dorna, V. Franco, G. Gudino, A. Machuca, M. Mejai, A. Miramontes, E. Montana, L. Ornealas, B. Powell, R. Reyes, M. Rodriguez, M. Roennmann, J. Sanudo, J. Spaulding, and J. Vinson at Salinas Valley State Prison (P.O. Box 1020, Soledad, CA 93960-1020)**. The Clerk shall also mail a copy of this Order to Plaintiff.

**Defendants R. Machuca** and **M. Zornes** are **DISMISSED** from this action as the claims against them were dismissed in Judge Armstrong's Order of Service, filed on July 9, 2014. (*See* Docket No. 2 at 9.) The Clerk shall terminate these Defendants from this action.

2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of

3

1   service of the summons.  If service is waived after the date provided in the Notice but

2   before Defendants have been personally served, the Answer shall be due sixty  (60) days

3   from the date on which the request for waiver was sent or twenty (20) days from the date

4   the waiver form is filed, whichever is later.

5        3.     No later than **ninety-one (91) days** from the date of this order, Defendants

6   shall file a motion for summary judgment or other dispositive motion with respect to the

7   claims in the amended complaint found to be cognizable above.

8        a.     Any motion for summary judgment shall be supported by adequate

9   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

10   Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor

11   qualified immunity found, if material facts are in dispute.  If any Defendant is of the

12   opinion that this case cannot be resolved by summary judgment, he shall so inform the

13   Court prior to the date the summary judgment motion is due.

14        b.     **In the event Defendants file a motion for summary judgment, the**

15   **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

16   **warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See***

17   ***Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

18        4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court

19   and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

20   motion is filed.

21        Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

22   *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment

23   must come forward with evidence showing triable issues of material fact on every essential

24   element of his claim).  Plaintiff is cautioned that failure to file an opposition to

25   Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

26   the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See*

27   *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18

28

United States District Court
Northern District of California

4

F.3d 651, 653 (9th Cir. 1994).

5.      Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** July 15, 2016

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.16\01269Smith_svc

5